UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELPHINE YOUNG, ET AL.** | CIVIL ACTION |
| **VERSUS** | NO. 19-11731 L (1) |
| **TELERECOVERY CORP.** | |

### ORDER & REASONS

Before the Court is Defendant's Motion to Set Aside Entry of Default as to Kottemann Law Firm, APLC. R. Doc. 24. Plaintiffs oppose the motion. R. Doc. 28. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.   BACKGROUND

This matter arises from alleged violations of the Fair Debt Collection Practice Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). R. Doc. 1 at 1. Plaintiffs Alma and Delphaine Young bring suit against Defendants Telerecovery Corporation ("Telerecovery") and Kotteman Law ("Kotteman"), alleging that Defendants' debt-collection practices violated federal law. R. Doc. 1 at 3. Plaintiffs explain that Defendants attempted to collect a debt that Plaintiffs do not owe. R. Doc. 1 at 3. In particular, Plaintiffs aver that they began receiving calls on their cell phones in October 2018 and that these calls were placed via an Automatic Telephone Dialing System ("ATDS"). R. Doc. 1 at 4. Plaintiffs further contend that they never consented to being contacted on their cellphones, and that during the calls, Defendants "threatened to sue Plaintiffs and garnish their wages" and "behaved in a rude and harassing manner." R. Doc. 1 at 4. According to Plaintiffs, a request to verify the alleged debt was answered with "false and deceptive

1

information, including but not limited to fake proof of the alleged debt." R. Doc. 1 at 5. Plaintiffs additionally contend that the alleged debt was reported to the credit bureau without an explanation that the debt was disputed. R. Doc. 1 at 5.

Plaintiffs claim Defendants are liable under the FDCPA for 1) using harassing and abusive debt-collection practices, 2) making false and misleading representations regarding the alleged debt, 3) using unfair and unconscionable debt-collection practices, and 4) failing to provide Plaintiffs with a written notice containing statutorily-required language. R. Doc. 1 at 6. Further, Plaintiffs claim Defendants are liable under the TCPA for placing ATDS calls to Plaintiff's cell phones without their consent. R. Doc. 1 at 6. Plaintiffs explain that as a result of these unlawful debt collection practices, they have suffered mental and emotional distress as well as financial and economic harm. R. Doc. 1 at 5. Plaintiffs seek an injunction of Defendants' debt-collection efforts against them, as well as statutory damages under the FDCA and TCPA, other damages, and attorney fees.

Plaintiffs' complaint was filed on July 18, 2019. R. Doc. 1. A summons was issued to Telerecovery Corporation on July 23, 2019, R. Doc. 5, and the summons was returned on October 15, 2019, R. Doc. 6. However, the summons return indicates that Telerecovery Corporation was served on July 25, 2019, and that an answer was due on August 15, 2019. R. Doc. 6. No answer was ever filed, nor did counsel enroll to represent Defendant. Accordingly, an entry of default was granted as to Telerecovery Corporation on October 18, 2019. R. Doc. 8. Similarly, a summons was issued to Kottemann Law Firm, APLC on February 14, 2020. R. Doc. 15. The summons was returned on March 2, 2020 and alleges that Diane Morrison, an agent of Kottemann Law Firm, was served on February 17, 2020. R. Doc. 17 at 2. No response or answer was filed; therefore, on June 30, 2020, default of Kottemann Law Firm was entered under Fed. R. Civ. P. 55(a). R. Doc.

20. To date, Plaintiffs have not filed a Motion for Default Judgment against Defendants. R. Doc. 27. The deadline for Plaintiff's Motion for Default Judgment is November 13, 2020. *Id.*

**I.     PRESENT MOTION**

Pending before the Court is Defendant Kottemann Law, L.C.'s Motion to Set Aside Entry of Default as to Kottemann Law Firm, APLC. R. Doc. 24. First, Defendant argues that the judgment should be set aside because the law firm was incorrectly identified in the Summons as "Kottemann Law APLC." Defendant provides evidence that the five Kottemann entities registered with the Louisiana Secretary of State are "Kottemann Law, L.C., Kottemann Law Center, L.C., Kottemann Law Firm, L.C., Kottemann Law Offices, L.C., and Stanley Christian Kottemann, Jr., A Professional Law Corporation." *See* R. Doc. 24-2. Second, Defendant insists that the Proof of Service is "factually and legally inaccurate" because "Diane Morrison is not an employee of any Kottemann entity" R. Doc. 24-2 at 2. For this reason, Mr. Kottemann contends that he has never been served with a Summons for any Kottemann entity, even the improperly named Kottemann Law Firm, APLC. R. Doc. 24

Plaintiffs oppose the motion. R. Doc. 28. Firstly, Plaintiffs argue that Defendant's insufficiency of service of process argument is improper at this stage and instead should be brought under a 12(b)(5) motion if the default is set aside. Next, Plaintiffs allege the Defendant's use of many business names is a deliberate strategy "to coerce consumers and evade liability for its illegal actions." R. Doc. 28 at 2. In support of this theory, Plaintiffs also provide ample evidence of pre-suit communications between counsel and Mr. Kottemann about the instant lawsuit. R. Docs. 28 at 2; 28-2. Furthermore, Plaintiffs point out that "Kottemann Law Firm, A Professional Law Corporation," was in fact printed on the letterhead of correspondence sent from the defendant to the Plaintiffs. R. Doc. 28 at 5-6.

## II.   LAW & ANALYSIS

Federal Rule of Civil Procedure Rule 55(c) provides that a court may grant relief from the entry of a default for "good cause shown." Fed. R. Civ. P. 55(c). To determine whether good cause exists, a court considers three factors: 1) whether the default was willful, 2) whether setting it aside would prejudice the adverse party, and 3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000*)*; *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). These factors may not be exclusive, as the decision to set aside a default is "necessarily informed by equitable principles." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Therefore, a court may also consider factors including whether the defendant acted expeditiously to correct the default or whether the public interest was implicated. *Dierschke*, 975 F.2d at 184.

The Court now turns to its factor by factor analysis. The Court first considers whether Mr. Kottemann's default was willful. Willfulness has been defined as an "intentional failure of responsive pleadings," which ends the court's inquiry and requires no further findings. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Dierschke*, 975 F.2d at 184). In all other instances, the Court must examine whether there has been "excusable neglect." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Here, Mr. Kottemann alleges that he has not be properly served with the Summons and the Complaint because service was effectuated upon Diane Morrison, who Mr. Kottemann contends is not an employee of any Kottemann entity. R. Doc. 24-2 at 2.

Notably, "willful evasion of process is not grounds to support entry of default judgment." *Lacy*, 227 F.3d at 292 n. 5 (citing *Berthelsen v. Kane*, 907 F.2d 617, 622 (6th Cir. 1990) (holding that while evasion of service of process contributes to defendant's culpability in default judgment,

4

culpability is considered among all factors). In *Bethelsen*, the defendant willfully evaded service of process, and argued that service was improper when the Complaint and Summons were not served on him personally. 907 F.2d at 619. Plaintiffs attempted to serve defendant through mailings to the defendant's lawyer, showing up at place of business, and going to defendant's home. *Id.* In the instant case, Plaintiffs' process server unsuccessfully attempted to serve Mr. Kottemann multiple times at both his work and home addresses. R. Doc. 28 at 3. Prior to Plaintiffs' attempted service, the parties were engaged in settlement discussions, and Mr. Kottemann was aware of Plaintiffs' intent to file suit. R. Docs. 28 at 2-3; 28-2; 28-3. Mr. Kottemann was also provided with a copy of the Complaint via email. R. Doc. 28-2.  Still, the Court finds that improper service of the defendant in this case excuses the failure to respond to the pleadings in a timely manner.

Next, the Fifth Circuit has made clear that "mere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Instead, the plaintiff must demonstrate that the delay will result in "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* As such, there is no specific evidence that the plaintiffs would be prejudiced by the reopening of the instant case. Rather, setting aside of the default will "do no harm to plaintiff except to require it to prove its case." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

As for the last factor, as discussed above, Mr. Kottemann asserts the defense of insufficient service of process, alleging that Diane Morrison is neither an employee nor an agent for service of process for any Kottemann entity; thus, there was no valid service on any properly named Kottemann entity. R. Doc. 24-2 at 2. Mr. Kottemann also argues that he was improperly served in part because the name "Kottemann Law Firm, APLC" is not the name under which the entity is registered with the Louisiana Secretary of State. R. Doc. 24. This is not convincing, given that Mr.

Kottemann sent communications to the Plaintiffs using "Kottemann Law Firm, A Professional Law Corporation" letterhead. R. Doc. 28 at 5-6. *See Grandey v. Pacific Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954) ("As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.")

Standards for setting aside default are less strict and more liberally applied than the standards for default judgment. *See Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (stating that a motion to set aside default is "more readily granted" than a motion to set aside a default judgment). Although this Court does not condone the actions of Mr. Kottemann in relation to effectuation of service in this case, absent other equities, "any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.,* 346 F.3d 552, 563 (5th Cir. 2003). However, in light of Defendant's previous actions, the Court seeks to ensure that Defendant makes himself available for service of process.

For these reasons,

**IT IS ORDERED** that the entry of default be taken under advisement pending further developments in this matter.

**IT IS FURTHER ORDERED** that Plaintiffs be granted leave to amend their Complaint to add Mr. Kottemann as a Defendant and that Mr. Kottemann make himself available for service of process.

New Orleans, Louisiana on this 12th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE